UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                               PLAINTIFF

v.                              No. 2:14-CR-20021

PAMELA GAIL WILLIS                                                     DEFENDANT

## **ORDER**

Before the Court is Defendant's motion (Doc. 26) to modify the conditions of her supervised release. No response has been filed but no response is necessary. The motion will be denied.

The Court sentenced Defendant on October 14, 2014 to a term of imprisonment of 46 months, to run consecutively to the sentence imposed on her in the Northern District of Texas. The Court also imposed a term of supervised release of 3 years and ordered Defendant to pay $647,908.15 in restitution to the victims of her offense. In the Northern District of Texas, Defendant was separately ordered to pay $75,172.64 in restitution to the victims of that offense.

Defendant's motion states that she is living with her daughter while on supervised release and is responsible for living expenses, but that she has recently lost her job. She asks the Court to modify the terms of her supervised release so that restitution payments are waived during a period of unemployment that she is currently experiencing and during her daughter's maternity leave, and to reduce the payments overall so that they are split between the victims in the two cases in which she has bene sentenced. Defendant also asks the Court to terminate the remainder of her term of supervised release since she has already served 1 year, has complied with the terms of supervised release, presents a low risk of flight, and does not use drugs.

With respect to early termination of the remainder of her term of supervised release,

compliance with the conditions imposed by the Court is expected and does not present the sort of exceptional circumstance that justifies early termination. With respect to modification of the restitution order, and assuming this Court even had jurisdiction to amend restitution orders imposed by another court, the Court accepts that payment of restitution creates a financial hardship to Defendant, and reminds her that her crime created a financial hardship for her victims. Reducing the small amount they are recovering from her would exacerbate that hardship.

IT IS THEREFORE ORDERED that the motion (Doc. 26) is DENIED.

IT IS SO ORDERED this 21st day of February, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE